UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BANK OF NEW YORK MELLON FKA THE
BANK OF MEW YORK, AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-24,
    Plaintiff,

v.

RICHARD WOLFE *et.al.*,
    Defendants.

Case No. 2:15-CV-02662
CHIEF JUDGE EDMUND A. SARGUS, JR.

**OPINION AND ORDER**

This matter is before the Court on the parties' joint Motion to Stay Briefing Pending Ruling on the Motion for Leave to Appeal (ECF No. 5), which is hereby **DENIED**.

On June 24, 2014, Defendants Richard L. Wolfe and Helen E. Wolfe (collectively, the "Wolfes") filed a voluntary petition for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court"). (*In re: Richard L. Wolfe, et. al.*, Case No. 2:14-bk-54523 (Bankr. S.D. Ohio 2014), ECF No. 1.) Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholder's of the CWABS, Inc., Asset-Backed Certificates, Series 2006-24's ("BNY Mellon") is the assignee of a mortgaged interest in Property commonly referred to as 955 Rock Mill Road NW, Lancaster, OH 43130 (the "Property"). (ECF No. 4-14.) The Wolfes' Chapter 13 bankruptcy plan was confirmed on September 30, 2014. (ECF No. 4-27.) The Property is listed as a residence on the bankruptcy schedule. (*In re: Richard L. Wolfe, et. al.*, Case No. 2:14-bk-54523 (Bankr. S.D. Ohio 2014), ECF No. 68, p. 2.)

On October 30, 2014, BNY Mellon moved for relief from the automatic stay in the bankruptcy proceedings, pursuant to 11 U.S.C. § 362(d)(1) (permitting relief from a stay to be requested by a "party in interest"), in order to foreclose on the Property (ECF No. 4-13). The matter was thoroughly briefed and multiple hearings were held. (*See* ECF Nos. 4-13 – 4-27.) On June 19, 2015, the Bankruptcy Court issued an Order temporarily denying relief from the stay, pending certain filings related to reimbursing the Wolfes for real estate taxes, insurance premiums paid and improvements made to the Property since occupancy (the "Order") (ECF No. 4-27).

On July 6, 2015, BNY Mellon filed a Notice of Appeal and Statement of Election (the "Notice of Appeal") (ECF No. 1). On the same day, BNY Mellon also filed a Motion for Leave to Appeal under 28 U.S.C. § 158(A) seeking leave of this Court to appeal the Order (ECF No. 4-29). The Court issued a scheduling order on July 29, 2015, in connection with the Notice of Appeal (ECF No. 4). The parties now jointly move to stay briefing on the Notice of Appeal until after the Court has decided whether the Order is final and appealable as of right and has ruled on the Motion for Leave to Appeal. Pursuant to the Court's inherent authority to control the disposition of its cases,[1] this Court **DENIES** the motion.

**IT IS SO ORDERED.**

\_\_\_8-6-2015_____  
DATE

_____  
EDMUND A. SARGUS, JR.  
UNITED STATES DISTRICT CHIEF JUDGE

---

[1] *See, e.g., MVB Mortg. Corp. v. Fed. Deposit Ins. Corp.*, No. 2:08-cv-771, 2010 WL 2465228, at *1 (S.D. Ohio June 11, 2010) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).